## CIRCUIT COURT OF CHESTERFIELD COUNTY

Carroll F. Clay

v.

John C. Freeman

June 20, 1988

Case No. (Law) 2072-87

By JUDGE HERBERT C. GILL, JR.

This case is before the Court on the motion of John C. Freeman, the defendant, to set aside the verdict rendered by a jury in the amount of $335,000.

The plaintiff filed his motion for judgment claiming damages in the amount of $350,000 on account of injuries sustained in an accident that occurred on the 24th day of February, 1986, at the intersection of Walmsley Boulevard and Castlewood Road in the City of Richmond. The matter was matured and was tried on February 10 and 11, 1988. Upon submission of the matter to a jury, a verdict was returned for the plaintiff in the amount of $335,000. Defendant made a motion to set aside the verdict and enter judgment for the defendant as a matter of law or, in the alternative, to award the defendant a new trial. The Court took the motion under advisement and briefs were submitted.

The abbreviated facts revealed that Mr. Clay was travelling away from Jefferson Davis Highway or westbound and was turning south. The defendant was travelling in the opposite direction or towards Jefferson Davis Highway. There were skid marks from the truck driven by the defendant of 106 feet to the point of impact. From the point of impact there were 60 feet of skid marks from the defendant's vehicle into a yard at the southeast corner of the intersection of Castlewood Road and Walmsley Boulevard.

The automobile left marks which graded the pavement and was then pushed up an embankment and into a utility pole before coming to rest. The testimony revealed without objection that the speed limit in the direction the plaintiff was travelling was posted at 25 miles per hour. The last speed limit sign that the defendant would have seen was .9 of a mile prior to the intersection of Walmsley Boulevard and Castlewood Road and was posted at 40 miles per hour.

An accident reconstruction expert described without objection the stopping distance and length of skid marks that would be left by the defendant truck on the road surface tested at the scene of the collision, based upon certain "index" speeds supplied to the witness by counsel. The accident reconstruction expert reported without objection that a skid mark of 106 feet meant that the truck would be travelling at 37 miles per hour. If travelling at a speed of 45 miles per hour, the expert indicated that the truck would be able to stop by leaving a skid mark of 160 feet. The plaintiff related that he stopped at the intersection to allow two other vehicles to pass and looked again to make certain that the roadway was clear before turning left. As he began the turn his automobile cut off.

Recognizing the urgency to remove his car from the roadway as quickly as possible, the plaintiff stopped the vehicle so that it could be shifted into neutral and then attempted to crank the engine for approximately five seconds. He immediately determined to get out of the car and reached for a screwdriver on the console at the instant of impact. The defendant testified that he knew the area, had travelled Walmsley Boulevard on a number of occasions and was familiar with the particular intersection of Castlewood and Walmsley Boulevard. He testified he was familiar with the speed limit of 25 miles per hour going in the westerly direction.

The issues as presented in the defendant's brief are as follows.

1. Was the plaintiff guilty of negligence as a matter of law?

2. Did the Court err in refusing to instruct the jury that the speed limit was 40 miles per hour?

3. Did the Court err in granting the plaintiff's instruction on the right to assume?

4. Did the Court err in failing to sustain the defendant's objection to the plaintiff's argument to the jury referring to the jurors meeting the plaintiff at some future date?

5. Did the Court err in granting Instruction 16 which told the jury that the plaintiff would recover if the defendant's negligence was "a" proximate cause of the accident rather than if it was the "sole" proximate cause?

6. Did the Court err in admitting the evidence of Chewning as to skidding distances?

7. Did the Court err in permitting the plaintiff to recall Officer McKay?

The Court has reviewed these issues in light of the testimony contained in the transcript as well as the briefs submitted on behalf of both parties. It is the opinion of the Court that there was no error and that the verdict of the jury should not be set aside.

The Court will address each issue in the order presented.

There were at least two renditions of the facts and the jury chose the rendition as testified to by the plaintiff. The Virginia Supreme Court has ruled that where a party offers testimony that he looked to make certain that the roadway was clear before pulling out and such testimony conflicts with other evidence in the case, the issues of negligence and proximate cause must be resolved by the jury. *Canupp v. Wade*, 205 Va. 850 (1965).

The speed limit question arose prior to trial and was briefed by both parties. To have instructed the jury as a matter of law that the speed limit was 40 miles per hour, 35 miles per hour or 25 miles per hour would have created error. The defendant testified at trial that he had travelled in both directions and that he was familiar with the 25 miles an hour speed limit going in the other direction. It became a jury question as to whether or not the defendant was travelling too fast for the conditions. The jury obviously determined that the defendant was going too fast under the circumstances.

The Court's instruction on the right to assume was

proper in conjunction with the Court's other instructions on the issue of the plaintiff's right to proceed.

The Court does not find that the plaintiff's closing argument violated the golden rule and as such was not error.

The use of the term "sole" proximate cause as opposed to the term "a" proximate cause is a distinction without a difference. The jury was instructed as to both sides of the issue and both sides were correct statements of law and made clear to the jury that the plaintiff could not recover if the defendants bore their burden of proving that the plaintiff was guilty of contributory negligence. Taken with all of the other instructions on the subject, the jury was thoroughly instructed with regard to the law of contributory negligence.

As to the defendant's final two issues, the law is clear in both regards that the Court acted correctly in allowing the testimony of Chewning and McKay.